## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. MARC COHEN a/s/o DONNA R.<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE OF AMERICA, INC., ET AL.,<br><br>            Defendants. | Civil Action No. 12-cv-5494 (FSH/PS)<br><br>**STIPULATED DISCOVERY CONFIDENTIALITY ORDER**<br><br>*Filed Electronically* |

It appearing that discovery, ~~briefs and other documents filed with the Court~~ in the above-captioned action (hereinafter the "Litigation") are likely to involve documents containing private health information protected by state and federal laws, trade secrets, confidential commercial or financial information, or other information that may be produced in discovery subject to appropriate limitations;

And it appearing further that legitimate interests warrant that such information remain confidential and that there is a substantial risk that clearly defined and serious injury or harm to the parties' and unrepresented non-parties' legitimate proprietary interests will result should this Order not be entered;

And it appearing further that the discovery of confidential health information is implicated by plaintiffs' claims in this action, and this ~~Stipulated~~ Discovery Confidentiality Order is accordingly intended to provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated under its aegis, *see* 45 C.F.R. § 164.512(e)(1)(ii);

Case 2:12-cv-05494-FSH-PS   Document 10-1   Filed 12/07/12   Page 2 of 12 PageID: 74

And the parties having agreed that it is necessary to establish common procedures to limit the necessity for objections or subsequent motions seeking to limit discovery and/or the use of such information, and facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery or other uses of this information;

And good cause having been shown in the ~~affirmation~~ Certification of Patricia Lee, dated December 7, 2012, filed in support of the entry of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Civil Rule 5.3(b)(2), and any other applicable federal and state law;

IT IS on this 7th day of December, 2012;

ORDERED as follows:

1. Any party to this litigation and any third-party responding to subpoenas for documents or providing testimony under subpoena (hereinafter "Producing Party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, ~~pleading~~ deposition, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" ("hereinafter "Confidential"). 

2. Any Producing Party shall have the right, subject to this Order, to designate as "Confidential Health Information" any information, document, or thing, or portion of any document or thing that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall constitute a subset of Confidential Information. The term "Confidential Health Information" is intended to encompass all "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to HIPAA. *See* 45 C.F.R. § 164.103 (defining "individually identifiable health information" and "protected health information"), as well as any patient health information protected by state law, and the following subscriber, patient, or member identifiers:

 a. names;
 b. all geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent area codes, except for the initial three digits of a zip code,
 c. all elements of dates (except year) for dates directly related to an individual, including birth date and date of death;
 d. telephone numbers;
 e. fax numbers;
 f. electronic mail addresses;
 g. social security numbers;

3

    h. medical record numbers;

    i. health plan beneficiary numbers;

    j. account numbers;

    k. certificate/license numbers;

    l. vehicle identifiers and serial numbers, including license plate numbers;

    m. device identifiers and serial numbers;

    n. web universal resource locators ("URLs");

    o. internet protocol ("IP") address numbers;

    p. biometric identifiers, including finger and voice prints;

    q. full face photographic images and any comparable images; and

    r. any other unique identifying number, characteristic, or code.

"Confidential Health Information" includes, but is not limited to, medical bills, claims forms, claim data, grievances or appeals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include Confidential Health Information.

    3. Any Producing Party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without

limitation any information, document, thing, interrogatory answer, admission, ~~pleading~~, or deposition testimony, shall make the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" OR ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

4. All Confidential Health Information, Confidential material, and/or Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 5, 6 and 8 below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of such material, provided that such advice and opinions shall not reveal the content of such material except by prior written agreement of counsel for the parties, or by Order of the Court.

5. Confidential material, the contents thereof, and Confidential Health Information, may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defines as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

   c. Secretarial, paralegal, clerical, duplication and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or

5

received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean employees, officers, and directors who are required to participate in decisions with reference to this lawsuit.

6. Confidential material, including Confidential Health Information, shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of Confidential material, Confidential Health Information, and/or Attorneys' Eyes Only information, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. The parties shall treat the transcript as Confidential in its entirety during these thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5, 6, and 8.

8. Material produced and marked as Attorneys' Eyes Only shall be used only by the individuals described in Paragraph 4(a), (b), (c), and (d). Material produced and marked as Attorneys' Eyes Only, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9. If counsel for party receiving documents or information designated as Confidential, Confidential Health Information, and/or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential, Confidential Health Information, or Attorneys' Eyes Only. If no timely written response is made to the objections, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential, Confidential Health Information, or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court ~~initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation.~~ in accordance with the joint letter protocol set forth in the pretrial scheduling order. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. Any Party ~~wishing to file a document or paper containing~~ seeking to seal information submitted in connection with a request for non discovery relief shall ~~Confidential Health Information, and/or Attorneys' Eyes Only Information with the Court shall~~ file a formal motion in accordance with L.Cv.R 5.3. A ~~endeavor to redact or otherwise exclude from the filing any Confidential or Attorneys' Eyes~~ party intending to file such a motion shall contact chambers for instructions concerning

7

the format for such a motion. Designation under this order "alone is not a sufficient basis to seek to seal.

~~Only Information not directly pertinent to that party's filing. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.~~

11. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential, Confidential Health Information, or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court. Nothing herein constitutes a ruling that such information or proceeding will be sealed.

12. If, at any time, any person, other than the Producing Party who originally produced Confidential Health Information or Confidential or Attorneys' Eyes Only information, receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity purporting to have authority to command production of such materials, the person to whom the subpoena or request is directed shall, except where prohibited by law, reasonably provide written notice to the Producing Party who designated such materials unless the giving of notice is precluded by law, so as to advise such person of the need to promptly obtain a protective order or a notice to quash the subpoena if the Producing Party believes it is necessary. In the event the Producing Party determines that it is necessary to seek to quash the subpoena or otherwise take action to prevent the disclosure or production of material designated as Confidential, Confidential Health Information, and/or Attorneys' Eyes Only, the Producing Party shall bear all such costs in doing so and any party in receipt of such a subpoena or request shall have the obligation to cooperate with such efforts to the extent permitted by law. Nothing herein precludes timely compliance with a government subpoena or court order.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential, Confidential Health Information, or Attorneys Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in

8

part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated as Confidential, Confidential Health Information, or Attorneys Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential, Confidential Health Information, or Attorneys Eyes Only under this Discovery Confidential Order.

14. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

16. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

18. Within fifteen (15) days of the final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only information and to destroy, should such source so request, all copies of Confidential or Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. Furthermore, pursuant to 45 CFR 164.512(e)(1)(v), all Confidential Health Information must be returned to the Producing Party or destroyed (including all copies made). ~~To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.~~ *

*omitted because ECF makes return impracticable

19. Nothing contained in this Discovery Confidentiality Order shall conflict with the New Jersey Supreme Court Ethics Committee, Advisory Opinion 692, with respect to the length

Case 2:12-cv-05494-FSH-PS Document 10-1 Filed 12/07/12 Page 11 of 12 PageID: 83

of time an attorney must retain a client file following the final disposition of a matter. If, for any reason, counsel for either Party determines that there may be a conflict with respect to same, the matter shall be submitted to the Court for proper determination. *in accordance with the joint letter protocol set forth in the Pretrial Scheduling Order*

IT IS SO ORDERED.

Dated: December 7, 2012

_____
HON. PATTY SHWARTZ, U.S.M.J.

Stipulated as to Form and Entry:

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff
Dr. Marc Cohen a/s/o Donna R.

By: _____
Andrew R. Bronsnick

Dated: December 7, 2012

CONNELL FOLEY LLP
Attorneys for Defendant
United Parcel Service of America, Inc.

By: _____
Patricia A. Lee

Dated: December 7, 2012

11

2814157-01

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. MARC COHEN a/s/o DONNA R.<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE OF AMERICA, INC., ET AL.,<br><br>Defendants. | Civil Action No. 12-cv-5494 (FSH/PS)<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

  1.  My address is _____.

  2.  My present employer is _____ and the address of my present employment is _____.

  3.  My present occupation or job description is _____.

  4.  I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

  5.  I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

  6.  I will limit use of Confidential Material disclosed to me solely for purpose of this action.

  7.  No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____
                                                                                       [Name]